Tueney, J.,
delivered the opinion of the Court.
The motion to dismiss the petition for certiorari was in time, and should have been sustained.
On the 12th day of August, 1865, Samuel Keller testator of defendants in error, sued plaintiffs in error before a Justice of the Peace, on a note for two hundred dollars. The Justice of the Peace gave judgment on the 19th of August, 1865, for plaintiffs in error for *451 costs against defendants’ testator. On the 4th of September, 1867, testator filed a petition for certiorari alleging he would have appealed from the judgment of the Justice, but for the fact that at the same time, he had another suit pending in the Circuit Court for an amount over the jurisdiction of the Justice of the Peace, upon a note from the same parties, made to petitioner, which last mentioned suit had been decided in favor of petitioner, in the Circuit Court in December, 1866; “that petitioner understood that the said Justice was to reserve his judgment until the decision should be made and judgment rendered in the Circuit Court.” This petition was addressed to R. R. Butler, J.; has no fiat indorsed upon it; and from all we see in the record, no fiat was ever granted.
We see nothing more of the petition until the 4th day of September,* 1867, when the Cleric of the Circuit Court issued a writ directed to the Magistrate, commanding him to send, inclosed and certified, all the papers in the case tried by him, to the Circuit Court of Greene County, to be held on the 2d Monday of October.
The next we see of the matter, is at the February Term, 1868, of the Circuit Court, when an order is made suggesting the death of Samuel Keller, and reviving in the names of his executors; and the plaintiff in error moves the Court to dismiss the petition for cer-tiorari. There is, in fact, no cause stated in the petition for not appealing. The vague and indefinite statement of the petitioner’s understanding of the suspension of judgment, is the assignment of no reason. More *452 than two years have been allowed to elapse since the rendition of the judgment, and no complaint made, and several months after the judgment in the Circuit Court passed off, the petitioner acquiescing in the judgment of the Magistrate.
' To the argument that the motion to dismiss ought to have been made at the first term, we answer, the plaintiffs in error were entitled to notice, by the service of process of the filing and pendency of the petition; and as there is .no positive statute fixing the time of the notice, reasoning from the general rule for the service of process to bring parties into Court, we declare the rule to be, that ■the notice must be served at least five days before the term to which the petition is filed. Unless the defendants to-the petition had such notice, they will not be in default for failing to make' the motion to dismiss at the first term. We are supported in this view by the reasoning in the case of Ramsey v. Monroe, 3 Sneed, 329. In .this case, there is no evidence of notice of the filing of the petition or its pendency, until the term at which the motion is made, and then the only evidence is the motion to dismiss. So we must conclusively infer the motion was made at the first term after the plaintiffs in error knew of its existence, and at the term when there was no obligation upon them to make the motion, or in any other manner, recognize the fact that a petition had been filed, they having no .legal notice.
There was in contemplation of law, no cause pending, by virtue of the petition, as there was no fiat ordering writs of certiorari; and if the plaintiffj by his *453 appearance, waived the non-pendency, and we do not bold that - he did, the want of fiat was sufficient for dismissal. The Circuit Court overruled the motion, and there was judgment ibr defendants in error.
Judgment reversed, and petition dismissed.